# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-513-FDW-DCK

| | |
|---|---|
| **BALLANTYNE BRANDS, LLC,** | ) |
| **Plaintiff,** | ) |
| v. | ) **CONSENT PROTECTIVE ORDER** |
| **CIRCLE K STORES, INC.,** | ) |
| **Defendant.** | ) |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order

1

constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    e. The Court or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the

form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

7. For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

8. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

10. If a party produces confidential information but inadvertently fails to label the information as such, the party may, as soon as reasonably practicable, inform the other party of the intended confidential designation, and all parties shall treat such information as confidential information under this Protective Order. To the extent that any party has already disclosed the information, that party shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless they otherwise are entitled to disclosure under this Order. Inadvertent disclosure (including production) of information that a party or non-party later claims should not

have been disclosed because of a privilege, including but not limited to attorney–client privilege or the work-product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney–client privilege, work-product protection, or other ground for withholding production to which the producing party would otherwise be entitled in this lawsuit or in any other federal or state proceeding.

SO ORDERED.

Signed: March 7, 2017

David C. Keesler
United States Magistrate Judge

| | |
|---|---|
| SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P. | JAMES, McELROY & DIEHL, P.A. |
| By: /s/ J. Gray Wilson<br>Carl N. Patterson, Jr.<br>NC Bar # 7260<br>Michael W. Mitchell<br>NC Bar # 16750<br>J. Gray Wilson<br>NC Bar # 46509<br>Post Office Box 2611<br>Raleigh, North Carolina 27602-2611<br>Telephone: (919) 821-1220<br>Facsimile: (919) 821-6800<br>E-Mail: cpatterson@smithlaw.com<br>mmitchell@smithlaw.com<br>gwilson@smithlaw.com<br>*Attorneys for Defendant Circle K Stores, Inc.* | By: /s/ Bruce M. Simpson<br>Bruce M. Simpson<br>NC Bar # 8507<br>600 South College Street<br>Charlotte, NC 28202<br>Telephone: (704) 372-9870<br>Facsimile: (704) 333-5508<br>Email: bsimpson@jmdlaw.com<br>*Attorneys for Plaintiff Ballantyne Brands, LLC* |