UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-00513-FDW-DCK

| | |
|---|---|
| BALLANTYNE BRANDS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) **ORDER** |
| vs. | )<br>) |
| CIRCLE K STORES, INC., | )<br>) |
| Defendant. | )<br>) |

THIS MATTER is before the Court on the parties' Joint Motion for Partial Voluntary Dismissal Without Prejudice (Doc. No. 32), the parties' responses to the Court's Order to show cause why certain claims should not be dismissed *with* prejudice (Doc. Nos. 35, 37, and 40), and Defendant's Motion for Partial Stay Pending Arbitration (Doc. No. 36). The Court DENIES the Joint Motion for Partial Voluntary Dismissal and GRANTS Defendant's Motion for Partial Stay.

The parties in this case assert claims and counterclaims arising out of two contracts: the "Circle K Contract" and the "Pantry Contract." Both parties agree that all claims arising out of or related to the Pantry Contract should be settled by arbitration. Though the parties jointly requested that this Court dismiss those claims *without* prejudice pursuant to Fed. R. Civ. P. 41(a)(2), it was unclear to the Court why the Court should not dismiss those claims *with* prejudice, and the Court ordered the parties to show cause as to why dismissal *with* prejudice would be inappropriate.

Following additional briefing by the parties, the Court agrees with Defendant that a voluntary dismissal *with* prejudice could operate as a final adjudication on the merits and preclude arbitration of those claims. See Harrison v. Edison Bros. Apparel Stores, 924 F.2d 530, 534 (4th Cir. 1991) ("A voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) is a complete

1

adjudication on the merits of the dismissed claim."). Such a result, which would potentially leave Defendant without any forum in which to pursue claims arising out of or related to the Pantry Contract, would clearly prejudice Defendant.

The Fourth Circuit has "recognized that '[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings and to compel arbitration.'" Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 375 (4th Cir. 2012) (quoting Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 937 (4th Cir. 1999)).[1] A stay of the claims arising out of or related to the Pantry Contract pending arbitration of those claims would preserve the parties' rights to have the Pantry Contract claims decided on the merits, and it would preserve the Court's jurisdiction over those claims in the event it becomes necessary for the Court to enforce an arbitration award. Accordingly, the Court will grant Defendant's Motion for Partial Stay as detailed below.

IT IS, THEREFORE, ORDERED that:

1. The parties' Joint Motion for partial Voluntary Dismissal Without Prejudice (Doc. No. 32) is DENIED;

2. Defendant's Motion for Partial Stay Pending Arbitration (Doc. No. 36) is GRANTED. The Court stays proceedings on all claims arising out of or related to the Pantry Contract for **twelve (12) months** from the date of this Order.[2] The parties shall submit reports to the Court every ninety (90) days regarding the status of arbitration. Failure

---

[1] The Fourth Circuit has also "acknowledged that 'dismissal is a proper remedy when *all* of the issues presented in a lawsuit are arbitrable," Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 376 (4th Cir. 2012) (quoting Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) (emphasis added), but as in Aggarao, "that is not he situation presented here." Id.

[2] Twelve (12) months is the standard timeline for civil disputes brought before this Court. Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47. The time limit was put in place to protect all parties' interests and promote judicial efficiency.

to do so will result in Court action; and

3. All claims that do not arise out of or relate to the Pantry Contract shall proceed pursuant to the dates and deadlines set in the Pretrial Order and Case Management Plan (Doc. No. 15).

IT IS SO ORDERED.

Signed: March 22, 2017

Frank D. Whitney
Chief United States District Judge